**STATE OF ILLINOIS et al.,**
**Plaintiffs,**

v.

**AMPRESS BRICK CO., INC., et al.,**
**Defendants.**

**No. 73 C 2427.**

United States District Court,
N. D. Illinois, E. D.

April 28, 1975.

Before Judge ALFRED Y. KIRK-LAND.

Lee A. Freeman, Freeman, Freeman & Salzman, Chadwell, Kayser, Ruggles, McGee & Hastings, Chicago, Ill., for plaintiffs.

Samuel J. Betar, Schippers, Betar, Lamendella & O'Brien, John E. Burke, Ross, Hardies, O'Keefe, Babcock & Parsons, Thomas F. Carey, Carey, Filter & White, Chicago, Ill., Robert A. Chapski, Elgin, Ill., George B. Collins, Collins & Amos, Chicago, Ill., Tinkham, Beckham, Kelly & Singleton, Hammond, Ind., John E. Sarbaugh, Thomas S. Howard, Richard J. Braun, Dept. of Justice, Michael J. Guinan, Griffin, Guinan & Griffin, Edward F. Hatton, Jenner & Block, James P. Morgan, Richard L. Reinish, Price, Cushman, Keck, Mahin & Cate, Gary Senner, Sonnenschein, Carlin, Nath & Rosenthal, Chicago, Ill., Graham, Meyer, Young, Welsch & Maton, Danville, Ill., Roy B. Schneider, Jr., Morton Grove, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This cause comes before the Court on defendants' "motion to drop" all governmental plaintiffs to this action except the State of Illinois, pursuant to Rule 21 of the Federal Rules of Civil Procedure.

The Attorney General of Illinois filed suit to recover damages allegedly suffered by the State on account of price fixing on concrete block. He also named as parties plaintiff some 680 local governmental bodies in a 12 county area. This number was later increased to 770 with the filing of an amended complaint. These bodies include counties, cities, villages, school districts, and housing authorities.

■ The local entities were not alleged to be a class represented by the Attorney General under Rule 23, Federal Rules of Civil Procedure; rather, they are each individual plaintiffs severally asserting rights to damages arising out of the same alleged conspiracy. Joinder of all of these plaintiffs admittedly would be proper under Rule 20, Federal Rules of Civil Procedure, if all plaintiffs had authorized the Attorney General to file suit on their behalf.

Here the Attorney General filed suit naming several hundred local governmental bodies as co-plaintiffs without their specific direction or authorization. The absence of authorization is established by answers to Interrogatories 18 and 19 propounded to plaintiffs by defendants wherein the Assistant Attorney General in charge of the case explained:

"Neither the State of Illinois nor its Attorney General sought authoriza-

tion to represent the political subdivisions joined as parties in this case. The Attorney General filed this action pursuant to the authority granted by 38 Ill.Rev.Stat. § 60–7(2), providing that in the prosecution of actions brought under Federal antitrust laws, he may represent the political subdivisions organized under the authority of the State."

The Attorney General argues that he is authorized by statute to bring action on behalf of political subdivisions of the state *without* their express authorization. Defendants dispute this assertion by the present motion.

The two pertinent statutory provisions are contained in the Illinois Antitrust Act, 38 Ill.Rev.Stat. § 60–1 et seq. Neither provision was part of that Act as originally enacted in 1965; both were added as amendments in 1969. Section 60–7 deals with civil actions and remedies under the Illinois Act, and in 1969 the following language was added:

". . . The Attorney General may bring an action on behalf of this State, counties, municipalities, townships and other political subdivisions organized under the authority of this State to recover the damages provided for by this subsection, or by any other comparable provision of Federal law."

In addition, a completely new but complementary subsection—60–7.8—was adopted the same year providing:

"The Attorney General may bring an action on behalf of this State, counties, municipalities, townships and other political subdivisions organized under the authority of this State in Federal Court to recover damages provided for under any comparable provision of Federal law; provided, however, this shall not impair the authority of any such county, municipality, township or political subdivision to bring such action on its own behalf nor impair its authority to engage its own counsel in connection therewith."

The issue before the Court is whether the above quoted enactments authorize the Attorney General to bring suit on behalf of the named plaintiffs without first seeking their approval. Implicit in that determination is the further question of whether the State of Illinois, through legislation, sought to modify the Federal Rules of Civil Procedure, and impose that modification on the Federal Courts.

Rules 20 and 23 of the Federal Rules set forth the available ways in which plaintiffs may be permissively joined in the same action. Under Rule 20, a plaintiff may join an action if he wishes to assert a right to relief jointly or severally arising out of the same series of transactions or occurrences. A party can only assert a right to relief when he has knowledge of the action and desires to assert rights under it.

Where a party wishes to join other plaintiffs without their authorization, and act in a representative capacity, he is governed by the provisions of Rule 23.

■ Rule 23 provides certain safeguards not provided by the Illinois statute under the construction contended for by the Attorney General. Plaintiff State of Illinois argues that the present action would qualify as a Rule 23(b)(3) class action. There are two important differences between the joinder of plaintiffs here and class joinder under Rule 23(b)(3). First, for a class action, there must be "questions of law or fact common to the class". Implicit in that requirement is a showing that those persons sought to be included in the class have all suffered some harm to which the questions of law or fact apply.

The Attorney General in this action joined all or most of the political subdivisions in a twelve county area as named plaintiffs without authorization. In discovery procedures, plaintiff State of Illinois concedes that some 270 entities may not even have had construction projects during the period in which the al-

leged antitrust violations occurred. Without a construction project involving the purchase of concrete block, a named plaintiff could not have suffered the injury alleged in the complaint.

■ Plaintiff seeks to force defendants, by discovery, and the Court, by rulings on motions, to determine which political subdivisions are properly joined as having an interest in the action. This burden is not properly upon defendants or the courts. It is the responsibility of plaintiff State of Illinois in the first instance to determine that the parties it seeks to join as named plaintiffs have suffered appropriate injury.

Under the statutory construction sought by plaintiff State of Illinois, the legislature would be delegating burdens that, under the Federal Rules, are properly borne by plaintiffs. The Court cannot impute such a purpose to the legislature. The safeguards surrounding Rule 23 exist in part for the purpose of insuring that class members have an interest in the litigation. The party seeking to represent a class must establish that all members of the purported class have suffered damages. The attempt to join plaintiffs by name without authorization is an attempt to form a class without court determination that there should be a class action. The legislature of the State of Illinois could not have contemplated subversion of the Federal Rules.

■ Secondly, another safeguard of a Rule 23(b)(3) class action is the requirement that all class members be given notice of the action and the opportunity to "opt out" of the class. In other words, individual plaintiffs cannot be joined in a class action under Rule 23 (b)(3), without their authorization.

■ The Attorney General seeks to avoid Rule 23 by naming each class member as plaintiff. But the fact of naming plaintiffs alone is not sufficient, absent express authorization from the plaintiff sought to be named. The Illinois statute authorizes the Attorney General to rep-

resent political subdivisions—the intent being to eliminate any question as to the legal right of the Attorney General to act in a representative capacity. But the Attorney General may so act only with the express authorization of the entity to be joined as a member of the class.

The State of Illinois cites numerous cases in support of its construction of the Illinois Statute. Only one of those cases is persuasive, and it does not support the State's argument. In State of New Jersey v. General Motors Corp., 1974–2 Trade Cas. ¶ 75,338 (N.D.Ill. 1974), Judge McGarr interpreted a New Jersey statute empowering the Attorney General to appear in a representative capacity on behalf of political subdivisions of the state. The State of New Jersey filed a class action complaint in the *Fleet* Discount consolidated multidistrict proceedings. The Court had previously certified over 20 individual state class actions, with the state as class representative, for all public entities in the state and the respective state attorneys general appointed as legal representatives. A class action procedure was established and pursued in each case. New Jersey, however, moved to amend its complaint so that it could proceed on behalf of itself and all public agencies in the state under its state antitrust act. The purposed amendment, however, did not specify or join by name the public agencies involved, nor did it seek their authorization. In effect, as the Court pointed out, New Jersey was seeking to appear in a representative capacity for a class consisting of all political subdivisions in the state without complying with Rule 23. Judge McGarr recognized that the New Jersey statute gave the Attorney General the right to sue on behalf of the political subdivisions of the state, but said:

> This statute does not mean, however, that without further leave of this Court the Attorney General . . . may sue on behalf of a class of un-

named political subdivisions within the State . . .. The Attorney General . . . may of course proceed . . . on behalf of any other political subdivisions or agencies of the State which become named plaintiffs and *authorize* the State Attorney General to represent them. (1974–2 Trade Cas. p. 98,066 (emphasis added)

This Court holds that failure of the State of Illinois to obtain authorization from the named entities it seeks to represent constitutes misjoinder, and orders all political subdivisions of the State "dropped" from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure. This renders moot defendants' motion to dismiss certain plaintiffs pursuant to Rule 37.